UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERESA MICHANCZYK,

    Plaintiff,

v.

    CASE NO. 3:05CV1903(RNC)

METROPOLITAN LIFE INSURANCE
COMPANY, A/K/A METLIFE
SYNCHRONY INTEGRATED DISABILITY
SERVICES,

    Defendant.

ORDER

Pending before the court is the plaintiff's Motion to Compel Discovery (doc. #29). Oral argument was held on February 21, 2007.

The parties primarily dispute whether the requested information is within the scope of discovery permitted in this ERISA action. The court's April 20, 2006 Scheduling Order limited discovery to the issues of "whether ERISA applies and, if so, whether a conflict of interest provides good cause to consider evidence outside the administrative record." (Doc. #20.)[1]

Prior to oral argument, counsel for the parties informed the court that they had resolved several of the disputes raised in

---

[1] The defendant objects to some of the interrogatories as being outside the number of interrogatories allowed for in Fed. R. Civ. P. 33(a). The plaintiff concedes that she inadvertently violated this rule but requests permission to exceed the 25 interrogatories. Pursuant to Rule 33(a), the court grants the plaintiff's *nunc pro tunc* request.

this motion. Specifically, the plaintiff withdrew the motion to compel as to Interrogatories 6(h), 11, 12 and 13 and Request for Production 6. The motion is also withdrawn as to portions of interrogatory 6(i), except as discussed below. Counsel are commended for their good faith efforts to resolve a large portion of this dispute.

The court addresses the remaining disputed items.

**Interrogatory 6**

Interrogatory 6, which has many subparts, generally requests information about any medical consultants who reviewed the plaintiff's claim on behalf of MetLife. The plaintiff argues that this information is relevant to her claim because the medical consultants might have had a conflict of interest.

Prior to oral argument, the parties reached agreement as to 6(h), 6(i)(i) and 6(i)(ii). The remaining dispute is as to 6(i)(iii) (hereinafter referred to as "subpart iii") and 6(i)(iv) (hereinafter referred to as "subpart iv"), and 6(j).

**Subpart iii**

Subpart iii is an interrogatory that asks whether the consultant's review of other claims on behalf of MetLife "supported a finding of a disability or a finding of no disability." The plaintiff presses the need for this information, arguing that it will demonstrate whether a consultant has a conflict of interest that leads him or her to

consistently favor the defendant by recommending denial of benefits.

At oral argument, defendant's counsel explained that medical consultants do not make a determination that the claimant is or is not disabled. Instead, they provide an analysis of a claimant's residual functional capacity. It is the claim adjuster who determines whether the claimant is disabled.[2]

If MetLife's counsel is correct, it might be that the question cannot be answered in its current form. As a preliminary response to the interrogatory, the court orders the defendant to produce a sworn affidavit explaining the function and role of medical consultants[3]. In the meantime, the plaintiff's motion to compel is denied without prejudice as to subpart iii.

### Subpart iv

Subpart iv asks the defendant whether the medical consultant prepared a written report for each of his or her reviews. The plaintiff acknowledges that this interrogatory merely seeks a yes or no answer as to each review performed by the consultant.

---

[2]MetLife's counsel also noted that different plans have different standards of review for determining whether a claimant is disabled; for example, some plans require subjective evidence while others do not.

[3]The affidavit shall be signed by a representative of the defendant with personal knowledge of the role of medical consultants.

Defense counsel represented at the hearing that, to the best of her knowledge, the defendant's medical consultants always prepare a written report. If defendant's counsel is correct, then further inquiry as to what was done in relation to each claim might not be necessary. Therefore, the defendant shall produce a sworn statement indicating whether the medical consultants who reviewed the plaintiff's claims always prepare a written report when they review a claim for the defendant. In the meantime, the motion to compel is denied without prejudice as to subpart iv.

**6(j) and its subparts**

Interrogatory 6(j) and its subparts seek information about the number of other claims of Reflex Sympathetic Dystrophy ("RSD") the consultant has reviewed for the defendant, and the outcome of those reviews. During oral argument, the plaintiff agreed to limit this request to claims reviewed in the past three years. The plaintiff contends that this information is relevant to determine whether the physician has a bias against RSD such that he or she always recommends denial of such claims.

The defendant responds that this request is outside the scope of discovery permitted by the court's scheduling order. It also argues that it is highly burdensome for it to search for all RSD claims reviewed by the consultant(s) because files are not coded in a way to permit an easy electronic search.

The court is persuaded that, under the liberal standards of

Fed. R. Civ. P. 26(b)(1), the request is relevant to plaintiff's conflict of interest allegation. Moreover, the record includes no evidence of burdensomeness. Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. A "[d]efendant cannot evade its discovery responsibility by simply intoning [the] familiar litany that the interrogatories [or requests for production] are burdensome, oppressive or overly broad. . . . The burden is on the party resisting discovery to explain its objections and to provide support therefore." Shannon v. New York City Transit Authority, No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001); see also Compagnie Francaise D'Assurance v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (defendant's "conclusory allegations of undue burden and irrelevance are insufficient grounds to sustain its objection in the face of what is, in view of the scope of this lawsuit, such a specific request").

The plaintiff's motion to compel is therefore granted in part. The defendant shall respond in full to 6(j) itself (i.e. the number of other claims) and to 6(j)(i) (i.e. the dates of such reviews).

6(j)(ii), like Subpart iii of Interrogatory 6 discussed above, asks whether the medical consultant's review in each RSD case supported a finding of disability or no disability. Counsel

5

has reported that the physician consultant does not make that determination. As with Subpart iii of Interrogatory 6, the court orders the defendant to produce a sworn affidavit explaining the function and role of medical consultants. In the meantime, the plaintiff's motion to compel is denied without prejudice as to 6(j)(ii).

6(j)(iii), like Subpart iv discussed above, asks whether a written report was produced. Defense counsel represented at the hearing that, to the best of her knowledge, the defendant's medical consultants always prepare a written report. If defendant's counsel is correct, then further inquiry as to what was done in relation to each claim may not be necessary. Therefore, the defendant shall produce a sworn statement indicating whether the medical consultants who reviewed the plaintiff's claims always prepare a written report when they review a claim for the defendant. In the meantime, the motion to compel is denied without prejudice as to 6(j)(iii).

**Interrogatory 14 and Request for Production 5**

During oral argument, the parties reached an agreement resolving their dispute as to Interrogatory 14 and Request for Production 5. The defendant shall submit a sworn statement to the plaintiff explaining the relationship between MetLife and Synchrony. Based on defense counsel's representations at oral argument about this relationship, plaintiff's counsel stated that

such a statement would be sufficient.  The motion to compel is denied without prejudice as to this interrogatory.

SO ORDERED at Hartford, Connecticut this 26th day of March, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge